[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commission on human rights and opportunities appeals a decision of defendant Gail Kotowski, a presiding officer designated by the commission to hear the employment discrimination complaint of Robert Hyde against the defendant town of East Hartford. Kotowski dismissed Hyde's complaint, and it is that decision which is the subject of the commission's appeal. The appeal is authorized by General CT Page 440-A Statutes §§ 46a-94a and 4-183. The court finds the issues in favor of the plaintiff commission.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. Hyde filed a complaint with the commission on March 6, 1989, alleging that the defendant town of East Hartford discriminated against him on account of his age and marital status by denying him the opportunity to take a promotional examination in the town's fire department. In accordance with § 46-83, the commission investigated the complaint and found reasonable cause to believe that the town had committed a discriminatory practice as alleged in Hyde's complaint. The commission's efforts to achieve conciliation between the parties were not successful, and the complaint was certified for a public hearing in accordance with § 46a-84. The commission designated Kotowski as presiding officer for the hearing pursuant to § 46a-84(b).
Before conducting the hearing, Kotowski appointed CT Page 440-B Ronald Harris as a special hearing officer. According to the order of appointment, Harris was responsible for conducting settlement discussions between the parties; that is, between the commission, the town and Hyde. Harris held the conference on August 20, 1993. Subsequently, Harris prepared two written reports of the conference, which he furnished Kotowski at her request. In these reports, he relates that the commission representative admitted that the complainant had not formally applied in writing to take the promotional exam and that she was doubtful that the complainant could make out a prima facie case at the hearing.
During this period, all parties filed motions to be addressed by Kotowski as presiding officer. These included a motion to disqualify Kotowski, based on her receipt of Harris's report of what transpired at the settlement conference, and a motion to dismiss the complaint filed by the town. The town's motion was based on its claim that Hyde would not be able to substantiate a prima facie case. CT Page 440-C
On November 22, 1993, Kotowski denied all of the commission's motions and granted the town's motion to dismiss the complaint. She acted on these motions without holding a hearing. In her ruling on the commission's motion to disqualify her, Kotowski noted that a hearing on the complaint "would be a misuse of the time and resources of all concerned, as the Complainant did not apply for the written service examination." In granting the town's motion to dismiss, Kotowski noted that she was doing so based on Harris's report of the settlement conference.
On appeal to this court, the commission contends that Kotowski's decision to dismiss Hyde's complaint violated the law and elementary principles of fairness and due process. The court agrees.
General Statutes §§ 46a-86 and 4-177 provide that parties to a contested case have the right to present evidence before the case is adjudicated. Subsection (c) CT Page 440-D of § 46a-86 prohibits a presiding officer from accepting in evidence "[a]ny endeavors or negotiations for conciliation, settlement or alternate dispute resolution." In Miko v. Commission on Human Rights andOpportunities, 220 Conn. 192, 220 (1991), our Supreme Court held that "hearing officers appointed by the (commission) are prohibited from receiving in evidence any endeavors or negotiations for conciliation."
In the present case, the presiding officer who had been appointed to conduct the evidentiary hearing solicited a report from another officer about what had transpired during a settlement conference that he had conducted between the parties. Then, expressly on the basis of that prohibited report, the presiding officer dismissed the complainant's case without a hearing. Such a procedure is explicitly barred by statutory and common law, as noted above.
The town's principal argument is that the conference that Harris conducted was not a settlement conference. CT Page 440-E That argument ignores undisputed facts, prominent among which is the substance of the written order designating Harris and setting forth his instructions and Harris's own characterization of the conference as a "Settlement Conference." The fact that the parties did not reach a settlement of Hyde's complaint, presumably because they believed at that time that he had a weak case, does not alter the nature and purpose of the conference. Nor does that fact permit the presiding officer to use statements and admissions made during the conference as a basis for dismissing the case. The town's argument has no merit.
The court finds that the presiding officer's decision dismissing Hyde's complaint was in violation of the law and substantially prejudiced his rights. In particular, Hyde was effectively denied the opportunity, guaranteed by statute, to present evidence concerning the efforts he made to take the promotional exam and other evidence to support his complaint.
The appeal is sustained. Since the commission has CT Page 440-F already determined the existence of reasonable cause for believing that a discriminatory practice occurred, the case is remanded to the commission with instructions that it hold a hearing on the complaint as required by § 46a-86. See § 4-183(k).
MALONEY, J.